1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK RONALD HOLLEY,

11               Plaintiff,                 No. CIV S-04-1425 GEB PAN P

12        vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,
14
                 Defendants.                 FINDINGS & RECOMMENDATIONS
15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This matter is before the court on defendants' motion to dismiss this action

18   pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust

19   his claims against several defendants named herein prior to suit.

20                              PROCEDURAL BACKGROUND

21          Plaintiff filed this action on July 20, 2004.  In his original complaint, plaintiff

22   claimed that defendant Herrera violated his rights under the Eighth Amendment by acting with

23   deliberate indifference to his serious medical needs, and retaliated against him for exercising his

24   First Amendment rights.  Plaintiff further claims that the other named defendants[1] ratified

25   _____

26        [1]  Defendants Providence, O'Ran, Mirich, Jako, Veal, Allen, and Grannis.

                                              1

1   defendant Herrera's alleged misconduct by participating at various levels of review in the denial

2   of plaintiff's administrative grievance against defendant Herrera.

3               On January 14, 2005, defendants brought a motion to dismiss in which they

4   contended, inter alia, that plaintiff had failed to exhaust administrative remedies with respect to

5   his claims that defendants Providence, O'Ran, Mirich, Jako, Veal, Allen, and Grannis had

6   conspired together and ratified defendant Herrera's alleged unconstitutional conduct through

7   denial of plaintiff's administrative grievances.  On June 21, 2005, the magistrate judge issued

8   findings and recommendations recommending dismissal of plaintiff's claims against those seven

9   defendants due to plaintiff's failure to exhaust administrative remedies with respect to those

10  claims.  On July 25, 2005, the district court adopted the findings and recommendations in full,

11  dismissed the claims against those seven defendants, and directed defendant Herrera to answer

12  plaintiff's retaliation claim.[2]

13              On August 4, 2005, plaintiff filed an amended complaint.  On August 19, 2005,

14  defendant Herrera filed an answer which purported to be an answer to an amended complaint.

15  On September 29, 2005, defendant Herrera filed an amended answer specifically directed to the

16  original complaint.  On October 7, 2005, plaintiff filed a request to proceed on the first amended

17  complaint.

18              On October 24, 2005, prior to any action by the court on his request to proceed on

19  the first amended complaint, plaintiff filed a proposed second amended complaint.  In the

20  proposed second amended complaint, plaintiff alleged that following dismissal of his claims

21  against defendant Providence, O'Ran, Mirich, Jako, Veal, Allen, and Grannis he had exhausted

22  all "available" administrative remedies with respect to those claims and he therefore sought leave

23  to bring those claims in the second amended complaint.  Defendants opposed the motion on the

24  ground, inter alia, that controlling precedent of the United States Court of Appeals for the Ninth

25  

26          [2]  The court also dismissed plaintiff's Eighth Amendment claim for failure to state a claim
    upon which relief might be granted.

1  Circuit[3] precluded amendment to reinstate claims that were not exhausted prior to initiation of

2  this action.

3          By order filed January 20, 2006, the magistrate judge granted plaintiff's motion to

4  proceed on the second amended complaint.  In the order, the magistrate judge rejected

5  defendants' contention that amendment was precluded by the decision announced in McKinney,

6  finding that "McKinney does not bar amendment to plead newly-exhausted claims."  (Order filed

7  January 20, 2006, at 2.)  Defendants were directed to answer the second amended complaint

8  within twenty days.  The instant motion to dismiss followed.

9                                ANALYSIS

10         At issue on this motion to dismiss is whether plaintiff can proceed in this action

11  on claims that were not administratively exhausted at the time he filed suit.  That answer has

12  already been answered affirmatively in the order filed January 20, 2006.  The first question that

13  must be resolved, therefore, is whether that order is the law of the case and, if so, whether it

14  should be followed for the remainder of this action.

15              Under the "law of the case" doctrine, "a court is generally
            precluded from reconsidering an issue that has already been
16          decided by the same court, or a higher court in the identical case."
            Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.) ( cert. denied508
17          U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993).   The doctrine
            is not a limitation on a tribunal's power, but rather a guide to
18          discretion.  Arizona v. California, 460 U.S. 605, 618, 103 S.Ct.
            1382, 1391, 75 L.Ed.2d 318 (1983).  A court may have discretion
19          to depart from the law of the case where: 1) the first decision was
            clearly erroneous; 2) an intervening change in the law has
20          occurred; 3) the evidence on remand is substantially different; 4)
            other changed circumstances exist; or 5) a manifest injustice would
21          otherwise result.  Failure to apply the doctrine of the law of the
            case absent one of the requisite conditions constitutes an abuse of
22          discretion.  Thomas v. Bible, 983 F.2d at 155.

23  U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

24  /////

25  _____

26      [3]  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

                                      3

1          The finding in the January 20, 2006 order that McKinney does not preclude

2    amendment to add newly-exhausted claims to a civil rights action is the law of the case for this

3    action. U.S. v. Alexander, supra. It appears to this court, however, that the January 20, 2006

4    order is clearly erroneous and for that reason should not be followed.

5          In McKinney, the court of appeals followed eight other circuit courts in holding

6    that dismissal of claims without prejudice is required when an inmate has failed to exhaust

7    administrative remedies as to those claims prior to suit. McKinney, at 1199-1200. The court

8    rejected the plaintiff's contention that the action should be stayed to permit completion of

9    administrative exhaustion and specifically held that "[e]xhaustion subsequent to the filing of the

10   suit will not suffice" to satisfy the requirements of 42 U.S.C. § 1997e(a). The court of appeals

11   has reaffirmed this holding as recently as 2005. See Lira v. Herrera, 427 F.3d 1164, 1170 (9th

12   Cir. 2005) (citing McKinney) ("Also, a district court must dismiss a case without prejudice

13   'when there is no presuit exhaustion,' even if there is exhaustion while suit is pending.")

14          By its literal terms, McKinney did not address the question whether claims

15   dismissed as unexhausted during the pendency of an action can be added back in to the same

16   action through amendment of the complaint after completion of administrative exhaustion. The

17   court's holding that post-suit exhaustion does not suffice to satisfy the requirements of 42 U.S.C.

18   § 1997e(a), however, precludes that result. For these reasons, this court finds that the January 20,

19   2006 order permitting amendment was clearly erroneous. Plaintiff should not be permitted to

20   proceed in this action on claims that were not administratively exhausted at the time he filed this

21   action. See McKinney, supra. Accordingly, defendants' motion to dismiss plaintiff's claims

22   against defendants Providence, O'Ran, Mirich, Jako, Veal, Allen, and Grannis should be granted.

23          Defendants also contend that "in the second amended complaint Plaintiff has so

24   closely related his exhausted allegation with his unexhausted claims that the entire second

25   amended complaint should be dismissed." (Motion to Dismiss, filed February 7, 2006, at 2.) In

26   substance, plaintiff's claim against defendant Herrera is not so intertwined with plaintiff's

4

1    previously unexhausted claims that it too should be dismissed.  Cf. Lira, supra.   The question

2    remains, however, which complaint should be the operative pleading in this action.

3           Review of the record herein shows that plaintiff filed a first amended complaint

4    raising only claims against defendant Herrera.  That first amended complaint was filed prior to

5    service of defendant's answer and was therefore filed as of right.  See Miles v. Department of

6    Army, 881 F.2d 777, 781 (9th Cir. 1989) (motion to dismiss is not a responsive pleading for

7    purposes of Fed. R. Civ. P. 15); see also Fed. R. Civ. P. 15.

8           The court is, however, required to screen all complaints filed by prisoners.  See 28

9    U.S.C. § 1915A.  The first amended complaint contains several state law claims against

10   defendant Herrera for his alleged denial of emergency medical treatment to plaintiff.  In his

11   original complaint plaintiff alleged that defendant Herrera violated his rights under the Eighth

12   Amendment by acting with deliberate indifference to serious medical needs, and that said

13   deliberate indifference was retaliatory.  In the findings and recommendation filed June 21, 2005,

14   the magistrate judge found that plaintiff had failed to state a cognizable Eighth Amendment

15   claim because "the complaint states immediately after plaintiff left Herrera's office another

16   correctional officer escorted him to the medical clinic where he received appropriate treatment"

17   and that any delay in receiving treatment caused by Herrera's alleged conduct did not "'seriously

18   affect' plaintiff's medical condition."  (Findings and Recommendations, filed June 21, 2005, at

19   3.)  The magistrate judge recommended dismissal of plaintiff's Eighth Amendment claim, and

20   the district court adopted that recommendation in its July 25, 2005 order.  Since this action will

21   not proceed on an Eighth Amendment claim, the court should decline to exercise jurisdiction

22   over any state law claim grounded in defendant Herrera's alleged denial of appropriate medical

23   treatment to plaintiff.  See 28 U.S.C. § 1367(c).  For these reasons, this action should proceed

24   solely on the retaliation claim raised in plaintiff's original complaint and answered by defendant

25   Herrera on September 29, 2005.

26   /////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Defendants' February 7, 2006 motion to dismiss be granted; and

2.  This action proceed solely on the retaliation claim against defendant Herrera raised in plaintiff's original complaint and answered by said defendant on September 29, 2005.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 6, 2006.


UNITED STATES MAGISTRATE JUDGE

12
holl1425.mtd2