IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RONALD HOLLEY,

    Plaintiff,                        No. CIV S-04-1425 GEB PAN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.               ORDER

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several discovery matters are pending before the court.

        On January 25, 2006, plaintiff filed a motion to compel further discovery responses from defendant Herrera. Specifically, plaintiff seeks a further response to interrogatory number 4 in plaintiff's second set of interrogatories, and to requests 1, 4 and 5 in his second request for production of documents.

        The interrogatory at issue reads as follows:

> If the wing officer failed to follow those responsibilities (as spoken of in interrogatory no. 3), by you being their direct unit 1 supervisor, what was your supervisory responsibility to ensure the inmate(s) be provided the opportunity to speak to a registered nurse or physician, please explain.

(Defendant Herrera's Response to Plaintiff's Second Set of Interrogatories, appended to

1  Plaintiff's Motion to Compel Discovery Responses, filed January 25, 2006, at 4.) Defendant
2  objected to the interrogatory on the grounds that it was "an improper hypothetical, misleading
3  and argumentative." (Id.) Notwithstanding the objection, defendant also responded that "Officer
4  Cobbs made contact with the medical department and advised them of Plaintiff's medical
5  condition." (Id.) Plaintiff contends that defendant Herrera failed to respond fully to the
6  interrogatory. Plaintiff's contention is without merit. Defendant Herrera will not be required to
7  respond further to this interrogatory.

By the first request for production at issue, plaintiff sought

> All documents, notes, letters, memoranda, files records, record books, logs including but not limited to fact-finders notes created in response to all 602 administrative appeals where you personally interviewed plaintiff, as he was a witness against CDC officials regarding another inmates appeal, within CMF during the period from August 2002 through the time of your transfer to Solano.

(Ex. 1 to Defendant's Opposition to Plaintiff's Motion to Compel, filed February 14, 2006, at 3.)
Defendant objected to the request as vague and over broad, but also responded that he might have
interviewed plaintiff but could neither recall any such interview nor find documentation thereof.
Defendant also attached copies of plaintiff's administrative appeals from August 2002 through
December 2003. (Id.) Plaintiff contends defendant failed to fully disclose documents responsive
to this request. Plaintiff's contention is without merit and no further response will be required.

By request number 4, plaintiff sought all documents signed by defendant Herrera
affirming his understanding of his "duty as a supervisory official." (Id. at 4.) Defendant objected
to this request as not reasonably designed to lead to the discovery of admissible evidence, vague
and over broad, but also provided the State Personnel Board Specification for a Correctional
Sergeant. Plaintiff seeks to compel a further response, contending that he sought not general
information about defendant Herrera's position, but specific information about defendant
Herrera's personal understanding of his job duties. Defendant's response to the request was
adequate, and plaintiff is not entitled to any further response.

Finally, by request number 5 plaintiff sought "all documents evidencing mandatory correctional officer training classes and/or seminars regarding the California Department of Corrections compliance with the Plata class action settlement agreement, during the period from January 1, 2003 to the present." (Id. at 5.) Defendant objected to this request as "not reasonably calculated to lead to the discovery of admissible evidence," but also provided a document of training he received from January 1, 2003 to December 12, 2005. (Ex. D to Defendant's Ex. 1.) to Defendant's Opposition to Plaintiff's Motion to Compel.) On the motion to compel, plaintiff takes issue with defendant Herrera's objection. Plaintiff does not show, however, that he is entitled to documents other than the one produced by defendant Herrera.

For all of the foregoing reasons, plaintiff's January 25, 2006 motion to compel will be denied.

On March 21, 2006, defendants filed a motion for protective order seeking relief from the obligation to respond to plaintiff's request for production of documents and interrogatories pending resolution of their February 7, 2006 motion to dismiss. The motion to dismiss was resolved on July 14, 2006 with the dismissal of all claims against all defendants except plaintiff's retaliation claim against defendant Herrera. Good cause appearing, defendants' motion for protective order will be granted nunc pro tunc to March 21, 2006. No discovery response due during the period from March 21, 2006 to July 14, 2006 will be deemed untimely for failure to serve said response during that period.

On April 5, 2006, defendant Herrera filed a request for an extension of time from April 6, 2006 to May 6, 2006 to serve responses to plaintiff's third request for production of documents. Good cause appearing, the request will be granted and responses served on or before May 6, 2006 will be deemed timely.

On May 18, 2006, plaintiff filed a motion to compel responses to requests 1 and 3 in this document production request. Defendant opposes the motion. By the first request, plaintiff seeks copies of several "training modules" for defendant Herrera. (Ex. 1 to Plaintiff's

Motion to Compel, filed May 18, 2006, at 6.)  Defendant objected to the request as "vague, overbroad, burdensome, not relevant and not reasonably likely to lead to discovery of admissible evidence," and on grounds of privilege, but also provided copies of several training modules and averred that the remaining requested documents could not be located after reasonable inquiry and were not within defendant's "possession, custody or control."  In his motion to compel, plaintiff contends that he was seeking "defendant's personal documents of his annual course training position code 9656." (Plaintiff's Motion to Compel, filed May 18, 2006, at 3.)  Defendant's response to this production request was adequate and no further response will be required.

By request number 3, plaintiff seeks "all documents related to defendant Herrera's 'performance report(s).'" (Plaintiff's Ex. 1, at 7.)  On March 3, 2006, defendant Herrera filed a motion for a protective order seeking an order protecting him from responding to this request.  Defendant Herrera contends the documents plaintiff is seeking are subject to a "qualified privilege" and are "personal and confidential."  Defendant also contends the material is irrelevant.  Defendant will be directed to file with the court, under seal for review *in camera*, a copy of defendant's performance for the last five years, or the period of his employment at the Department of Corrections and Rehabilitation, whichever is less.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 25, 2006 motion to compel is denied.

2. Defendant's March 3, 2006 motion for a protective order is granted.

3. Defendant Herrera is not required to respond to request number 3 of plaintiff's third request for production of documents.

4. Defendant's March 21, 2006 motion for a protective order is granted.

5. No discovery response due during the period from March 21, 2006 to July 14, 2006 shall be deemed untimely for failure to serve said response during that period.

6. Defendant's April 5, 2006 request for an extension of time is granted nunc pro tunc and responses to plaintiff's third request for production of documents served on or before

1  May 6, 2006 are deemed timely.

2        7. Defendant Herrera is be directed to file with the court, under seal for review *in*

3  *camera*, a copy of defendant's performance reports for the last five years, or the period of his

4  employment at the Department of Corrections and Rehabilitation, whichever is less. In all other

5  respects plaintiff's May 18, 2006 motion to compel is denied.

6  DATED: July 24, 2006.

                                              UNITED STATES MAGISTRATE JUDGE

12
holl1425.mtc