IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK R. HOLLEY, SR.,

        Plaintiff,                      No. CIV S-04-1425 GEB EFB P

    vs.

THE CDC, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding solely on plaintiff's retaliation claim against defendant Herrera, raised in plaintiff's third amended complaint.[1] Before the court are defendant Herrera's March 26, 2007, and plaintiff's June 20, 2007, cross-motions for summary judgment.

////

////

////

---

[1] Defendant's motion states that this action is proceeding on plaintiff's retaliation claims raised in his original complaint. For clarification, the order filed September 29, 2006, granted plaintiff further leave to amend but also provided that defendant's September 29, 2005, answer would be deemed responsive to the claim raised in the third amended complaint unless defendant elected to file a new answer. Defendant did not.

## I.   Facts[2]

The remaining claim in this action involves a claim by plaintiff that defendant Herrera retaliated against him for seeking medical treatment.  The claim is made in the context of plaintiff pressing what he claimed was a medical emergency and the defendant's belief that it was not.

Plaintiff Holley is a state prisoner confined since May 2001 at the California Medical Facility (CMF).  Defs.' Mot. for Summ. J., Stmt. of Undisp. Facts in Supp. Thereof ("SUF"), 2. Defendant Herrera worked for California Department of Corrections and Rehabilitation (CDCR) as a correctional sergeant at CMF at the time of the events in issue here.  SUF 3.  Currently, Herrera works at California State Prison Solano ("CSP-Solano").  SUF 4.  Consequently, Herrera currently does not presently have any authority or control over plaintiff.  SUF 5.

Prior to November 29, 2003, plaintiff and Herrera did not have any arguments.  Def.'s Mot. for Summ. J., Docs. Lodged in Supp. Thereof,  Plaintiff's Deposition ("Pl.'s Dep."), at 27: 9-11; SUF 7.  On November 29, 2003, plaintiff contacted Correctional Officer Cobbs and indicated that he was ill.  Pl.'s Dep., at  39:19-24; SUF 8.  Correction Officer Cobbs advised plaintiff that, since it was the weekend, there were no triage doctors available to treat plaintiff. *Id*., at 40:4-7; 45:7-12; SUF 10.  Plaintiff does not believe that Cobbs had any animosity towards him.  *Id*., at 44:16-22; SUF 11.

Plaintiff requested to speak with Herrera.  *Id*., at 44:16-22.  Correctional Officer Cobbs called Herrera and told him that plaintiff had asked to go to the B-1 Clinic claiming that he had flu-like symptoms.  SUF 12.  Correctional Officer Cobbs advised Herrera that Cobbs had contacted the clinic, advising them of plaintiff's symptoms, and that the clinic had determined plaintiff's condition was not a medical emergency.  *Id.*  Cobbs further told Herrera that plaintiff would be treated in the medical clinic first thing on Monday, December 1, 2003, and the medical

---

[2] Unless otherwise noted, the facts contained herein are undisputed.

1 clinic believed waiting until Monday morning was medically appropriate for plaintiff's
2 condition. *Id.* Based upon Cobbs' statements, Herrera did not believe that plaintiff was having a
3 medical emergency. SUF 13.

4 Pursuant to his request, plaintiff was escorted to the Captain's office to speak with
5 Herrera. SUF 14. While speaking with plaintiff, Herrera observed plaintiff's demeanor and
6 physical condition. SUF 15. Based upon these observations, Herrera did not believe that
7 plaintiff was experiencing a medical emergency. *Id.* Herrera did not believe that plaintiff
8 required emergency medical treatment because: (1) Herrera had been advised that medical
9 personnel at CMF did not believe plaintiff was experiencing a medical emergency; (2) Herrera
10 had been advised that medical personnel believed treatment on December 1, 2003, would be
11 appropriate for plaintiff's condition; and (3) Based upon his own observations, Herrera did not
12 believe that plaintiff was experiencing a medical emergency. SUF 17. Based solely upon these
13 facts, Herrera determined that plaintiff did not require immediate medical attention. *Id.* Herrera
14 asserted that if plaintiff were experiencing a medical emergency, he would have made sure that
15 plaintiff received emergency medical treatment. Def.'s Mot. for Summ. J., Ex. A, Decl. of
16 Herrera ("Herrera Decl."), at ¶ 12.

17 During their conversation, Herrera said, "You damn litigators ain't got shit coming."[3]
18 Pl.'s Dep., at 49:1-2; SUF 18. Plaintiff alleges that Herrera also stated, "If you fall mandown,
19 you will receive a CDC-115 disciplinary for faking!" Plaintiff's Verified Third Amended
20 ("Compl."), at 8. Later that day, plaintiff was escorted to the B-1 Clinic, where he was observed
21 to have a fever of 100.6 degrees. SUF 19. Plaintiff was prescribed Tylenol and Amoxicillin, and
22 ordered to return to his cell. *Id.* He concedes that he did not suffer a psychological injury as a
23 result of the subject incident. Pl.'s Dep., at 96:18-98:3; SUF 20.
24 ////

---

26 [3] This fact is undisputed for the purposes of summary judgment only.

**II.     Summary Judgment Standards**

Summary judgment pursuant to Fed. R. Civ. P. 56(a) avoids unnecessary trials in cases with no disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over facts material to the outcome of the case; e.g., issues that can only be determined through presentation of testimony and evidence at trial such as credibility determinations of conflicting testimony over dispositive facts.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

Thus, to overcome summary judgement an opposing party must show a dispute that is both genuine, and involving a fact that makes a difference in the outcome.[4] Two steps are necessary. First, according to the substantive law, the court must determine what facts are material. Second, in light of the appropriate standard of proof, the court must determine whether material factual disputes require resolution at trial. *Id.,* at 248.

When the opposing party has the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). The moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986).

If the moving party meets its burden, the burden shifts to the opposing party to establish genuine material factual issues. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.[5] The opposing party must demonstrate that the disputed facts are material, i.e., facts that might affect the outcome of the suit under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, *see T.W. Elec.*, 809 F.2d at 631. There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are

---

[4] On January 20, 2006, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland,* 154 F.3d 952, 957 (9th Cir.1998) (en banc), *cert. denied,* 527 U.S. 1035, 119 S.Ct. 2392, 144 L.Ed.2d 793 (1999), and *Klingele v. Eikenberry,* 849 F.2d 409, 411-12 (9th Cir. 1988).

[5] The nonmoving party with the burden of proof "must establish each element of his claim with significant probative evidence tending to support the complaint." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted). A complete failure of proof on an essential element of the nonmoving party's case renders all other facts immaterial, and entitles the moving party to summary judgment. *Celotex*, 477 U.S. at 322.

5

thereby rendered immaterial. *Celotex*, 477 U.S. at 323. The opposing party may not rest upon the pleadings' mere allegations or denials, but must present evidence of specific disputed facts. *See Anderson*, 477 U.S. at 248.[6] Conclusory statements cannot defeat a properly supported summary judgment motion. *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Anderson*, 477 U.S. at 249, 255. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).

If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issue raised on this motion, i.e., whether the defendant acted with deliberate indifference to the plaintiff's safety. Equally critical is that "deliberate indifference" is an essential element of plaintiff's cause of action. Therefore, to withstand defendant's motion, plaintiff may not rest on the mere allegations or denials of his pleadings. He must demonstrate a genuine issue for trial, *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989), and he must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

---

[6] A verified complaint may be used as an affidavit in opposition to the motion. *Schroeder v McDonald*, 55 F. 3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam).

## III.  DISCUSSION

Plaintiff alleges that defendant Herrera retaliated against him by threatening to punish him if he continued to press his medical concerns after being told that non-emergency medical assistance was unavailable at the time.  Plaintiff seeks declaratory, injunctive, and monetary relief.

To prevail on a retaliation claim, a plaintiff must prove that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also show an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)(*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)).  Plaintiff has not produced any evidence to establish that Herrera retaliated against him.  He only claims that Herrera threatened to file a Rules Violation Report ("RVR") against him, which was never actually filed.  Moreover, the admonition was conditioned upon plaintiff "faking" or falsely alleging an emergency.

Herrera's "threat" does not rise to the level of a constitutional violation.  As a threshold matter, verbal harassment alone is insufficient to state a claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).   Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice; a prisoner must "allege [and in opposition to summary judgment, present proof of[7]] specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).  Plaintiff has failed to present evidence upon which a reasonable jury could rely to render a verdict in his favor on his claim of retaliation, and the court therefore recommends that defendant's motion for summary judgment be granted.

---

[7]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

7

1 For the same reasons set forth above, plaintiff's cross-motion for summary judgment must be denied.

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Defendant's March 26, 2007, motion for summary judgment be granted;

2. Plaintiff's June 6, 2007, cross-motion for summary judgment be denied;

3. Judgment be entered in favor of the sole remaining defendant; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   February 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8